KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRITTANY OLSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ENCORE GLOBAL, INC., | ) |
| DOES 1-10, inclusive; ROE | ) |
| CORPORATIONS 1-10, inclusive, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT
### Jury Trial Demanded

COMES NOW, the Plaintiff, BRITTANY OLSEN, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1. Plaintiff, BRITTANY OLSEN, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, ENCORE GLOBAL, INC., is a foreign corporation which operates and exists in Nevada and did so operate and exist herein during all events complained of in this action.

3. Defendant named herein is an employer within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act; as well as under Nevada's anti-discrimination statues.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names

1

and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5. Plaintiff timely submitted a charge of discrimination with the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission (34B-2024-01613). The NERC assumed jurisdiction over Plaintiff's charge and notice of the charge was served upon the Defendant per statutory requirements.

6. Plaintiff received a right to sue letter served on or about April 2, 2026 from the Equal Employment Opportunity Commission.

7. Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendant operates in Nevada; and jurisdiction is predicated upon a federal cause of action under Title VII of the Civil Rights Act of 1964, as well as the Americans with Disabilities Act.

8. Plaintiff, a 36 year old female, was hired by the Defendant on May 30, 2023, in the position as a Workforce Coordinator and was wrongfully terminated on or about May 19, 2025

9. From on or about late 2023 through 2025, Plaintiff experienced frequent, adverse and targeted harassing and hostile conduct directed against her from her supervisor, named Mercer Morrow, as well as other managerial employees, which created and contributed to a hostile work environment that materially and negatively impacted her job position and performance.

10. The adverse treatment, based on Plaintiff's gender and disability condition directed at Plaintiff by the Defendant through its supervisors and managerial employees, includes the

2

following:

a.  Plaintiff enduring unfair criticisms, harassment and adverse comments which were premised on Plaintiff's gender, as well as disparaging comments about Plaintiff's disability medical condition, her medical health condition and work abilities, from her supervisor Morrow and other managerial level employees.

b.  Plaintiff was subjected to closer supervision and scrutiny by Defendant's agents, as opposed to other co-workers, which negatively impacted Plaintiff's job performance, said closer supervision also contrary to the Defendant's policies, procedures and practices.

c. Plaintiff's Supervisor, Mercer Morrow, engaged in adverse and hostile conduct which materially affected the terms and conditions of Plaintiff's employment by conduct which treated her differently than other co-workers and harmful to Plaintiff's work environment.

d.  Plaintiff was subjected to the foregoing disparate treatment based on her disability condition and gender, which created an adverse and hostile work environment while working under the supervision of Morrow, and other managerial level employees, as set forth herein.

e. Plaintiff complained to the Defendant's Human Resources office and Employee Relations office  regarding the harassment and adverse conduct from her supervisor, however these complaints were unresolved and ignored by the Defendant, which resulted in  further retaliation and harm against the Plaintiff by her existing supervisor.

f.  Defendant's conduct, as detailed above, created a hostile work environment premised on Plaintiff's gender and disability condition which subjected the Plaintiff to different and materially adverse working conditions than her co-workers, who were not subjected to the same level of scrutiny, over-supervision, criticisms and abusive language which was directed at Plaintiff by her supervisor, as well as different and materially adverse working conditions than other employees; who were also not subjected to the same level of scrutiny, criticisms and abusive language as Plaintiff.

g. At all times herein, Plaintiff satisfactorily performed her job and was qualified for her position.

h. Defendant's agents also unreasonably interfered with Plaintiff's ability to take medical

3

leave time from work due to her disability and medical condition and Defendant's supervisor(s) harassed Plaintiff regarding her necessity to take medical leave time in 2024 and 2025.

11. Defendant and its agents failed to protect Plaintiff from harm caused by the discriminatory conduct noted herein, despite being on notice of the wrongful conduct, said Defendant being on notice that Plaintiff was in a protected class; that she was qualified for her position and performing satisfactorily; that the Defendant treated the Plaintiff in an openly hostile and adverse manner as opposed to others outside her protected class; and that the Defendant was in need of the Plaintiff's skills and services.

12. On or about May 19, 2025, Defendant willfully, intentionally and deliberately engaged in retaliatory conduct against the Plaintiff as a direct and proximate result of her protected activity conduct by wrongfully terminating the Plaintiff.

13. The Defendant's conduct in wrongfully terminating the Plaintiff's employment in May, 2025, was a malicious act designed to punish, deter and impose a chilling effect against the Plaintiff for exercising her federally protected rights related to her disability condition and her gender.

14. Defendant's wrongful discriminatory conduct and retaliatory termination of the Plaintiff caused harm and damages in an amount according to proof at trial.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; THE AMERICANS WITH DISABILITIES ACT AND NEVADA STATE LAW

15. Plaintiff realleges, readopts, and reincorporates the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff, a 36 year old female, was subjected to regular and frequent acts of discrimination, harassment, intimidation, retaliation and unequal treatment in an overall hostile work environment, as a result of conduct and actions of the Defendant and its agents, said conduct in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and Nevada's anti-discrimination state statutes. This conduct includes, *but is not limited to*, Plaintiff suffering gender and disability based

harassment and discriminatory conduct from agents of the Defendant, from which the Defendant failed to take any reasonable steps to protect Plaintiff; Plaintiff suffering unequal and disparate treatment as opposed to her co-workers and caused by agents of the Defendant; Plaintiff suffering an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant; Plaintiff suffering retaliatory conduct by the Defendant and its agents; and Plaintiff suffering other harm.

20. The adverse treatment based on Plaintiff's gender and disability directed at Plaintiff by the Defendant includes, but is not limited to:

a. Plaintiff enduring unfair criticisms, harassment and adverse comments which were premised on Plaintiff's gender, as well as disparaging comments about Plaintiff's disability medical condition and work abilities, from her supervisor and other managerial level employees.

b. Plaintiff was subjected to closer supervision and scrutiny by Defendant's agents, as opposed to other co-workers, which negatively impacted Plaintiff's job performance, said closer supervision also contrary to the Defendant's policies, procedures and practices.

c. Plaintiff's Supervisor, Mercer Morrow, engaged in adverse and hostile conduct which materially affected the terms and conditions of Plaintiff's employment by conduct which treated her differently than other co-workers and harmful to Plaintiff's work environment.

d. Plaintiff was subjected to the foregoing disparate treatment based on her disability condition and gender, which created an adverse and hostile work environment while working under the supervision of Morrow, and other managerial level employees, as set forth herein.

e. Plaintiff complained to the Defendant's Human Resources office and Employee Relations office  regarding the harassment and adverse conduct from her supervisor, however these complaints were unresolved and ignored by the Defendant, which resulted in  further retaliation and harm against the Plaintiff by her existing supervisor.

f. Defendant's conduct, as detailed above, created a hostile work environment premised on Plaintiff's gender and disability condition which subjected the Plaintiff to different and materially adverse working conditions than her co-workers, who were not subjected to the

5

same level of scrutiny, over-supervision, criticisms and abusive language which was directed at Plaintiff by her supervisor, as well as different and materially adverse working conditions than other employees; who were also not subjected to the same level of scrutiny, criticisms and abusive language as Plaintiff.

g. At all times herein, Plaintiff satisfactorily performed her job and was qualified for her position.

h. Defendant's agents also unreasonably interfered with Plaintiff's ability to take medical leave time from work due to her disability and medical condition and Defendant's supervisor(s) harassed Plaintiff for her necessity to take medical leave time in 2024 and 2025.

17. As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial. Furthermore, to the extent that the Defendant's conduct was malicious and oppressive in form, Plaintiff seeks an award of punitive damages in an amount sufficient to punish and deter the Defendant to be determined according to proof at trial.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND  THE AMERICANS WITH DISABILITIES ACT

18. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff, a 36 year old female, was subjected to the retaliatory discharge from her employment with the Defendant on or about May 19, 2025, said conduct in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and Nevada state law.

20. Plaintiff sought relief and assistance from the Defendant's Human Resources office and her managerial supervisors regarding the ongoing and pervasive hostile work environment as well as the unreasonable and unlawful interference with her disability condition as permitted under Title VII of the Civil Rights Act of 1964 and the Americans

with Disabilities Act, which are protected activities under federal law, however, Defendant failed, refused and otherwise ignored her complaints and concerns.

21. On or about May, 2025, Defendant willfully, intentionally and deliberately engaged in retaliatory conduct against the Plaintiff as a direct and proximate result of her protected activity conduct by wrongfully terminating the Plaintiff.

22. The Defendant's retaliatory termination of the Plaintiff was related to her protected activity conduct as set forth herein and, further, was causally and temporally elated to that protected activity.

23. Defendant had no justification or excuse to terminate the Plaintiff's employment while she was engaging in a federally protected activity.

24. The Defendant's conduct in wrongfully terminating the Plaintiff's employment in May, 2025, was a malicious act designed to punish, deter and impose a chilling effect against the Plaintiff for exercising her federally protected rights and protections.

25. As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial. Furthermore, to the extent that the Defendant's conduct was malicious and oppressive in form, Plaintiff seeks an award of punitive damages in an amount sufficient to punish and deter the Defendant to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.  For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2.  For punitive and exemplary damages according to proof at trial.

3.  For reasonable attorney's fees incurred herein.

4.  For costs of suit and prejudgment interest.

5.  For such other and further relief deemed appropriate by this Court.

Dated this 20th day of May, 2026.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

## JURY TRIAL DEMAND

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 20th day of May, 2026.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

8